**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LAMONT JUARQUES BAIRD,
<u>Plaintiff-Appellant,</u>

v.

COUNTY OF BUNCOMBE, a North
Carolina Body Corporate and
Politic; CHARLES H. LONG, in his
official capacity as former
Buncombe County Sheriff; RICK
RADCLIFF, in his official capacity as
Deputy Sheriff of Buncombe
County; STEVE MYERS, in his official
capacity as Deputy Sheriff of
Buncombe County; KEN LANCE, in
his official capacity as Deputy

Sheriff of Buncombe County; SAM
EVANGELOU, in his official capacity
as Deputy Sheriff of Buncombe
County; CITY OF ASHEVILLE, North
Carolina, a North Carolina
Municipal Corporation; JOSEPH D.
PALMER, in his official capacity as
an Asheville Police Officer;
RELIANCE INSURANCE COMPANY,
INCORPORATED,
<u>Defendants-Appellees.</u>

AMERICAN CIVIL LIBERTIES UNION OF
NORTH CAROLINA LEGAL FOUNDATION,
INCORPORATED,
<u>Amicus Curiae.</u>

No. 97-7207

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CA-95-63-1)

Submitted: February 27, 1998

Decided: September 1, 1998

Before NIEMEYER, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Howard C. McGlohon, Asheville, North Carolina, for Appellant.
Sarah Patterson Brison Meldrum, Assistant City Attorney II, CITY
OF ASHEVILLE, Asheville, North Carolina; William F. Slawter,
NESBITT & SLAWTER, Asheville, North Carolina; Frank P. Gra-
ham, Jacqueline Grant, ROBERTS & STEVENS, P.A., Asheville,
North Carolina; Stanford K. Clontz, Associate County Attorney,
COUNTY OF BUNCOMBE, Asheville, North Carolina, for Appel-
lees. Seth R. Cohen, SMITH, FOLLIN & JAMES, L.L.P., Greens-
boro, North Carolina; Sandy S. Ma, Staff Attorney, AMERICAN
CIVIL LIBERTIES UNION OF NORTH CAROLINA, Raleigh,
North Carolina, for Amicus Curiae.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lamont Baird appeals the district court's orders granting summary judgment to the Defendants in this 42 U.S.C. § 1983 (1994) civil action for damages. Baird claims that the Defendants violated his civil rights during his detention and warrantless arrest. Our review of the record and the appropriate legal standards in this case persuades us that the rulings of the district court were correct. Therefore, we affirm the judgment of the district court.

On February 26, 1994, Asheville, North Carolina, police officer Joseph Palmer observed Baird dressed similarly to a robbery suspect and driving an automobile away from the general vicinity of a recent robbery. Palmer stopped Baird's vehicle and requested that Baird identify himself. Baird could not produce a driver's license, but he provided his social security number and a picture ID issued by his employer. Palmer placed Baird in the backseat of his police cruiser to facilitate a drive-by identification by a witness to the robbery. The witness verified that Baird was not the robbery suspect.

While waiting for the robbery witness, Palmer inquired about Baird through the National Crime Information Center (NCIC), and the inquiry returned a report that led Palmer to believe that Baird was wanted for murder in Maryland. Finding further investigation warranted, Palmer transported Baird to the Buncombe County jail. After arriving at the jail, Palmer left Baird in the booking area while he requested additional information about the Maryland suspect from the Federal Bureau of Investigations (FBI). While Baird was in the booking area, Buncombe County deputy sheriffs decided that Baird should be placed in a cell with other prisoners. Baird did not want to go into a cell and was charged with resisting arrest, assault, and damage to personal property. After it became clear that Baird was not the Maryland suspect, Palmer returned to the booking area; however, Baird was not free to leave due to the scuffle with the deputy sheriffs.

A few months later, Baird filed suit alleging that Palmer violated his Fourth Amendment rights by detaining him after he was cleared as the robbery suspect. Further, Baird claimed that the other Defen-

dants violated his rights by maintaining a policy or practice that encouraged Palmer's action and allowed the Buncombe County deputy sheriffs to use excessive force. After a period of discovery, the district court granted summary judgment in favor of the Defendants on the grounds of qualified immunity and Baird's failure to set out facts sufficient to support his claims. Baird appeals the district court's summary judgment orders.

First, Baird claims that Palmer, in his individual capacity, was not entitled to qualified immunity because Palmer did not have probable cause to detain him as a murder suspect. According to Baird, the suspect in the NCIC report was so dissimilar to himself that it was unreasonable for Palmer to believe that he was the Maryland fugitive. Further, Baird contends that Palmer's action of taking Baird to the Buncombe County jail was unreasonable because any further investigation could have been done at the scene.

Under the doctrine of qualified immunity, government officials are immune from liability "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated."[1] Consequently, qualified immunity attaches when the government actor's conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[2] "Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines."[3] Thus, we must examine whether, at the time of Palmer's decision to detain and arrest Baird, Palmer had probable cause.

Probable cause exists when the facts and circumstances within an officer's knowledge are "sufficient to warrant a prudent man in believing that the [individual] had committed or was committing an offense."[4] In this case, Baird broke the law by driving without a driver's license;[5] thus, Palmer had probable cause to detain and arrest Baird.[6]

_____

[1] **Anderson v. Creighton**, 483 U.S. 635, 638 (1987).
[2] **Harlow v. Fitzgerald**, 457 U.S. 800, 818 (1982).
[3] **Maciariello v. Sumner**, 973 F.2d 295, 298 (4th Cir. 1992).
[4] **Beck v. Ohio**, 379 U.S. 89, 91 (1964); see also United States v. Manbeck, 744 F.2d 360, 376 (4th Cir. 1984).
[5] **See** N.C. GEN. S TAT. §§ 20-7(n), 35 (1993).
[6] **See Whren v. United States**, 517 U.S. 806, ____ (1996); State v. Johnson, 446 S.E.2d 135, 137-38 (N.C. App. 1994).

4

The subjective intentions of Palmer do not make the detention and arrest of Baird illegal under the Fourth Amendment because Palmer's state of mind does not invalidate his action as long as that action can be objectively justified.**7** Therefore, Palmer was entitled to § 1983 qualified immunity because he did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known,"**8** and the district court properly disposed of this claim on summary judgment because qualified immunity is"an immunity from suit rather than a mere defense to liability; .. . it is effectively lost if a case is erroneously permitted to go to trial."**9**

Next, Baird contends that the district court erred in determining that a three-hour delay before having a probable cause hearing before a magistrate was reasonable, and Asheville or Buncombe County had a policy, practice, or custom that caused Baird's alleged constitutional violations.**10** To prevail, Baird must show that the three hours he was detained before seeing a magistrate was unreasonable,**11** or that Asheville and Buncombe County had a policy or custom that allowed officers to detain individuals at the Buncombe County jail without probable cause.

Baird's claim fails because, as discussed previously, Palmer had probable cause to detain and arrest Baird. The official policies of Asheville and Buncombe County permit law enforcement officers to detain individuals at the Buncombe County jail only if probable cause exists to arrest the individual for criminal conduct, and except for Baird's unsubstantiated allegations, he presented no evidence that Asheville or Buncombe County established, condoned, or constructively knew,**12** of a law enforcement policy or custom of placing an individual in jail while a probable cause investigation was conducted.

_____

**7 See Whren**, 517 U.S. at #6D 6D6D6D#.
**8 Harlow**, 457 U.S. at 818; see also Malley v. Briggs, 475 U.S. 335, 345 (1986).

**9 Mitchell v. Forsyth**, 472 U.S. 511, 526 (1985).
**10 See Monell v. Department of Social Servs.**, 436 U.S. 658, 694 (1978).
**11 See County of Riverside v. McLaughlin**, 500 U.S. 44, 56-57 (1991).

**12 See Spell v. McDaniel**, 824 F.2d 1380, 1391 (4th Cir. 1987).

5

Moreover, Palmer's action of contacting the FBI before taking Baird before a magistrate was intended to minimize Baird's detention while protecting society from a suspected violent felon. Balancing Baird's right to freedom against the state's duty to protect society, we find that a three-hour detention before seeing a magistrate was reasonable.**13**

Finally, Baird asserts that the district court erred by denying his motion for partial summary judgment on whether Palmer had probable cause to arrest him. As discussed previously, Palmer had probable cause to arrest Baird; therefore, the district court did not err by denying Baird's motion for partial summary judgment.

We therefore affirm the district court's orders granting summary judgment to the Defendants on Baird's claims. We grant the amicus curiae's motion to withdraw and deny the motion to participate in oral argument. Additionally, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

**13** **See McLaughlin**, 500 U.S. at 56-57.